UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JUSTIN PAGE,                              )
                                          )
      Plaintiff,                         )
                                          )
v.                                        ) Civil No. 8-106-P-H
                                          )
MUSICIAN'S FRIEND, INC., et al.,          )
                                          )
      Defendants.                        )

**RECOMMENDED DECISION
RE: MOTION TO ENFORCE SETTLEMENT**

This matter is before the court on the defendants' motion to enforce a settlement agreement. (Docket No. 28). Justin Page commenced this action, invoking federal question jurisdiction, against Musician's Friend, Inc., Laridian Consulting Inc., and Fein Such Kahn Shepard P.C., alleging that the defendants engaged in certain prohibited debt collection actions and related tortious conduct. The parties stipulated to the dismissal of the claims against Musician's Friend, but the action proceeded apace with the other defendants interposing counterclaims of libel and bad faith prosecution against Page. The discovery deadline and dispositive motions deadlines have expired. On December 19, 2008, shortly before the dispositive motions deadline had run, Defendants Laridian and Fein Such filed a motion to enforce a settlement agreement. No dispositive motion has followed. On January 23, 2009, I issued an order to show cause to both parties.

The defendants have responded fully to my show cause order. Justin Page has offered no response at all and it appears undisputed that he agreed to the settlement of this case on the terms outlined in the defendants' motion. I now recommend that the Court grant the motion to enforce settlement. Nevertheless, I am aware that there may be

some hesitancy about enforcing the settlement agreement based upon jurisdictional issues. If the Court does not adopt this recommended decision, I would reset the dispositive motion deadline and give the defendants leave to file a dispositive motion on the complaint and on Count II of their counterclaim in order to seek a monetary judgment for attorney fees.

## Discussion

The district court has the power to summarily enforce a settlement agreement entered into by the litigants "provided that there is no genuinely disputed question of material fact regarding the existence or terms of that agreement." Fid. & Guar. Ins. Co. v. Star Equip. Corp., 541 F.3d 1, 5 (1st Cir. 2008). If a genuine dispute does materialize, then "the court should hold a hearing and resolve the contested factual issues," because settlement is preferred to costly and time-consuming litigation. Id.

> [I]t is conventional for the court before whom the case is pending to enforce a settlement agreement, assuming it is valid, Quint v. A.E. Staley Mfg. Co., 246 F.3d 11, 14 (1st Cir. 2001), cert. denied, 535 U.S. 1023 (2002); it would generally be preposterous to conduct a trial in the teeth of a valid settlement agreement and award damages-only to have the resulting judgment unwound by a contract action or similar remedy implementing the settlement agreement.

Bandera v. City of Quincy, 344 F.3d 47, 51 (1st Cir. 2003).

"The party seeking to enforce a settlement agreement . . . carries the burden to establish its existence." Michael v. Liberty, 547 F. Supp. 2d 43, 50 (D. Me. 2008). Due to want of an authenticating affidavit, the defendants' initial motion to enforce failed to support an order granting the requested relief. They have remedied that deficiency. The plaintiff has failed to oppose the motion in response to my show cause order which should be treated as a waiver of any objection. See D. Me. Loc. R. 7(b). Defendants

have carried their burden and established the existence of the settlement agreement. However, an important jurisdictional issue remains to be addressed.

### *The Settlement Agreement*

Attached to the defendants' original motion is a copy of a document entitled "Settlement Agreement with Mutual Releases" (Doc. No. 28-2). The recitals in the agreement indicate that Laridian is compromising a default judgment it holds from the New Jersey Superior Court-Essex County, in the amount of $8,593.15, in exchange for an agreement by Page to release his claims against the defendants, pay Laridian $2,500.00, and "immediately remove or cause to be removed any and all derogatory remarks, statements, of other assertions contained in any public document or postings contained on any site on the world-wide web." (Settlement Agreement ¶¶ 2, 14.) The agreement further provides that a breach of the "non-disparagement" provision "shall entitle the non-breaching party to . . . payment of the attorneys' fees seeking enforcement" of the provision. (Id. ¶ 14.) In relation to the claims and counterclaims asserted in this action, the agreement provides that it "does not constitute, and shall not be construed as, an admission by any party of the truth or validity of any claims asserted or contentions advance[d] by any other party." (Id. ¶ 5.) The written agreement appears to be fully executed by all parties concerned. (Id. at 4- 5.)

Also attached to the motion is what appears to be a chain of e-mail correspondence between Page and the defendants' counsel regarding the settlement agreement (Doc. No. 28-3) and a copy of a webpage on which Page has allegedly posted defamatory remarks concerning the defendants (Doc. No. 28-4). In their motion the defendants assert that Page has failed to make payment under the agreement or remove

3

the defamatory publication from the web. I was concerned by the fact that defendants had not submitted any affidavits or other evidentiary support for their motions and I directed in my show cause order that they do so.

Defendants have now filed the affidavits of Philip Kahn and Theresa Riley and have verified the attached exhibits. Philip Kahn is an attorney who represents the defendants and executed the settlement agreement on their behalf. His affidavit verifies the settlement agreement and he also verifies that the derogatory post Page placed on the interstate website remains in place as of January 27, 2009. (Doc. No. 31-2.) Theresa Riley is a legal assistant who has verified the string of e-mails between Justin Page and Christian T. Chandler in support of the motion to enforce settlement. (Doc. No. 31-5.) I am now satisfied that defendants have provided the evidentiary support for their motion to enforce settlement and that there are no material facts about the terms of the settlement agreement.

### *Jurisdictional Issue*

On January 30, 2009, Judge Singal of this Court issued an Order on a Motion to Enforce Settlement Agreement in an analogous case, Independent Owners Cooperative LLC v. Frederick Pubs LLC, 08-CV-87-P-S, 2009 WL 230086 (Jan. 30, 2009). He concluded that the motion to enforce settlement is actually a state law claim for breach of contract and denied the motion to enforce based upon lack of jurisdiction. Relying primarily upon Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375 (1994), a case also removed from state court on the basis of diversity jurisdiction, Judge Singal determined this Court lacked diversity jurisdiction to enter a judgment on the settlement agreement for $10,000.00, far below the $75,000.00 jurisdictional

threshold in diversity cases. This case has the same jurisdictional problem regarding the amount in controversy, perhaps compounded by the fact that the movant here seeks not only a small monetary judgment, but also affirmative injunctive relief that would only be enforceable by resort to this Court's contempt powers. The proposed order indicates: "T]his Court shall maintain continuing jurisdiction of this matter and the Defendants *may apply to the Court for further action to enforce the Settlement Agreement."* (Doc. No. 31-7 at 2) (emphasis added). The portion of the order likely to become subject to this Court's contempt powers relates to the requirement that Page remove derogatory material posted on the Ripoff Report website. Additionally, defendants would have this Court retain jurisdiction of the matter in order to enter a further order regarding an award of attorney fees if it must take further legal action to obtain the removal of the derogatory website material.

However, one important characteristic distinguishes this case from Independent Owners' Cooperative LLC. That case was a breach of contract action that was brought to this Court entirely on the basis of diversity jurisdiction. This case was originally brought by Page in this Court pursuant to 15 U.S.C. § 1692, the Fair Debt Collection Act, and Count II of the counterclaim invokes 15 U.S.C. § 1692K(a)(3) as a basis upon which an award of attorneys' fees could be made. The Order on the Settlement Agreement which seeks this Court's continuing jurisdiction for enforcement purposes includes a prospective attorneys' fees request, a remedy independently available in this action because of the exercise of federal question jurisdiction under § 1692K(a)(3). Furthermore, this case is clearly distinguishable from Kokkonen because in that case the complaint had already been dismissed when the settlement agreement was presented to

the Court for enforcement purposes.  See 511 U.S. at 381 ("The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal-either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.  In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.  That, however, was not the case here."); id. at 377 ("The Stipulation and Order did not reserve jurisdiction in the District Court to enforce the settlement agreement; indeed, it did not so much as refer to the settlement agreement.") Here the proposed order dismissing the underlying lawsuit explicitly makes the parties' obligation to comply with the terms of the settlement agreement part of the order.  It provides: "This Court shall maintain continuing jurisdiction of this matter and the Defendants may apply to the Court for further action to enforce the Settlement Agreement as well as such damages and costs of enforcement."  (Proposed Order & Judgment at 2, Doc. No.  31-7.)

  In my view this case --  being brought to and defended by invoking federal statutes and which has not yet been dismissed by order of the court -- does not require the court to consider the propriety of exercising ancillary jurisdiction, in contrast to the case addressed in Kokkonen, because the movants are not "asserting otherwise nonexistent federal jurisdiction."  511 U.S. at 378-80.   And, because this is not a case brought to the court on diversity of citizenship grounds, the fact that the terms of this settlement agreement do not suggest the possibility of crossing the amount in controversy threshold is of no moment.   Compare Indep. Owners Co-op. LLC, 2009 WL 230086.

6

**Conclusion**

Accordingly, I recommend that the Court grant the motion to enforce the settlement agreement and enter a slightly modified Proposed Order and Judgment[1] (Doc. No. 31-7.)

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

February 18, 2009.

---

[1] I would modify the Proposed Order relating to subsection (e).  The only reference to attorneys' fees I can locate in the Settlement Agreement is found in ¶ 14, referencing breach of the confidentiality and non-disparagement provisions of the Settlement Agreement.  While it appears from the record evidence Page has not yet removed the derogatory materials from the website, I do not think that ¶ 14 clearly encompasses an award of attorneys' fees generated in connection with obtaining an order enforcing the entire Settlement Agreement as with the instant motion.  Clearly if defendants need to return to this Court to obtain specific enforcement of the non-disparagement provision because Page flaunts this Court's order, allowance of related attorneys' fees would be considered.  However, if defendants expend fees enforcing their money judgment, I do not think those fees are encompassed by the Settlement Agreement, any more than the generic fees associated with this motion to enforce are encompassed by the terms of the Settlement Agreement.  In my view the Settlement Agreement appears to limit attorneys' fees to action taken solely to enforce the confidentiality and non-disparagement provisions.